JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3370

------------------------------------------------------------

JESSICA SIGALL

                Plaintiff,

-against-

MONTEREY FINANCIAL SERVICES, INC. d/b/a
MONTEREY COLLECTION SERVICES

                Defendant.

------------------------------------------------------------

**CLASS ACTION
COMPLAINT**



RECEIVED APR 27 2007 U.S.D.C. S.D. N.Y. CASHIERS

### COMPLAINT FOR VIOLATIONS
### OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.     This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District. Additionally, plaintiff resides in this District and the Defendant transacts business here.

4.     Sigall is a citizen of the State of New York who resides in this District within the City of New York.

5.  Sigall is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from her is a consumer debt.

6.  Upon information and belief, defendant is an active corporation, which does business in the County of and State of New York.

7.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.  Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9.  Plaintiff received direct communications from defendant, a debt collector. **Exhibit A.**

## CLASS ACTION ALLEGATIONS

10.  Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of one year prior to the filing of plaintiff's complaint until the present, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant. The class is defined as all those people whose rights were violated as described in paragraphs 19-24 of this complaint.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant that violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g, 1692e, and § 1692e(10).

   b. Whether plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, hereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiff.

21. Collection letters, such as those sent by defendant, are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

22.     Section 1692e of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

23.     Section 1692g requires the debt collector to give what is commonly referred to as a 30 day notice within five days of its communication with the consumer and prohibits the use of language that overshadows any notice that is given.

24.     Defendant violated §§ 1692g, 1692e, and 1692e(10) of the FDCPA by stating: "You are herby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." Said statement is false and deceptive and compels the consumer to ignore her rights under the statute.

    **WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

    a)     Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

    b)     Awarding plaintiff and the class statutory damages;

    c)     Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

    d)     Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:   Uniondale, New York
         April 27, 2007

_____
Lawrence Katz (LK-0062)
Attorney at Law
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile   (516) 706-2404

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz (LK-0062)

Monterey Collection Services
P.O. Box 4658
Carlsbad, CA 92018

FAX: (760) 639-3541
TELEPHONE: (760) 639-3540

**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

JESSICA SIGALL
2373 BROADWAY APT 1905
NEW YORK, NY 10024

October 19, 2006

```
Principal:     149.00
Interest:        0.00
Fees:            0.00
            =========
Balance Due: $ 149.00
```

Account No.: C0001107754
Contract No.: 4713474
Client: Global Travel International

Your account has been referred to this agency for collection. All payments should be forwarded to the above address.

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you send a written request to this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please govern yourself accordingly.

Yours Truly,

Steve Orr
Manager

---

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

[400]

Exhibit A